672

District Court of the United States for the District of Columbia.

July 20, 1938.

Samuel J. L'Hommedieu, of Washington, D. C., for petitioner.

P. J. Phillips and Eugene E. Cole, both of Washington, D. C., for the United States Department of Labor.

JENNINGS BAILEY, Justice.

My reasons for denying the application of the petitioner for admission to citizenship are the following:

On October 29, 1935, a divorce was granted in this court to the then wife of the petitioner on the ground of adultery committed by him in April, 1934 and at other times.

The Act of June 29, 1906, as amended, 8 U.S.C.A. § 382, provides, inter alia:

Fourth. "No alien shall be admitted to citizenship unless (1) immediately preceeding the date of his petition the alien has resided continuously within the United States for at least five years and within the county where the petitioner resided at the time of filing his petition for at least six months, (2) he has resided continuously within the United States from the date of his petition up to the time of his admission to citizenship, and (3) during all the periods referred to in this subdivision [section] he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States. * * *"

The instant petition was filed March 31, 1938, under section 2 of the Act of September 22, 1922, as amended on May 24, 1934, § 4, 8 U.S.C.A. § 368, providing:

"An alien who marries a citizen of the United States, after the passage of this act, as here amended [after September 22, 1922], or an alien whose husband or wife is naturalized after the passage of this act, as here amended [after September 22, 1922], shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, he or she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(a) No declaration of intention shall be required.

"(b) In lieu of the five-year period of residence within the United States and the one-year period of residence within the State or Territory where the naturalization court is held, he or she shall have resided continuously in the United States, Hawaii, Alaska, or Puerto Rico for at least three years immediately preceding the filing of the petition."

This later Act does not amend the fourth subdivision of section 4 of the older Act, but merely changes the requirements in cases such as that of the petitioner with reference to the declaration of intention and length of residence. In my opinion the requirement of showing good moral character applied to the petitioner, and therefore his petition should be denied.